**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

YANJING HE,

Petitioner,

v.

WARDEN OF DESERT VIEW FACILITY, et al.,

Respondents.

**CASE NO.** 5:26-CV-06637-CTS

**ORDER GRANTING UNOPPOSED PETITION FOR WRIT OF HABEAS CORPUS**

On November 6, 2026, Petitioner Yanjing He ("Petitioner"), represented by counsel, filed a Petition for Writ of Habeas Corpus ("Petition"). (Pet., ECF No. 1.) The Petition alleges that Petitioner is in the custody of the United States Department of Homeland Security ("DHS"), Immigration and Customs Enforcement ("ICE") in Adelanto, California and being held in violation of the Constitution and laws of the United States. (*See generally id.*) The same day, Respondents were served with the Court's Notice of General Order 26-05 and Briefing Schedule, pursuant to which Respondents' Notice of Appearance was due November 9, 2026, and their Answer was due November 13, 2026. (ECF No. 5.) Respondents have filed neither document and have not answered or otherwise responded to the Petition.

The Court understands that Respondents' decision not to file an answer or otherwise respond to the Petition is a deliberate choice and not inadvertent. *See Carrillo v. Mullin*, No. 5:26-CV-05229-SK, 2026 WL 2815883, at *1 n.1 (C.D. Cal. Sept. 18, 2026) ("The Court has been told that the United States Attorney's Office is adopting a practice and policy of making no appearance—and filing no answer, even one that contains a non-opposition statement—if Respondents have no intent to oppose a given immigration habeas petition after it has screened the petition on the merits.") "In our adversarial system of adjudication, we follow the principle of party presentation" meaning that "in both civil and criminal cases, in the first instance and on appeal . . . we rely on the parties to frame the issues for decision and assign to courts the role of neutral arbiter of matters the parties present." *United States v. Sineneng-Smith*, 590 U.S. 371, 375 (2020) (internal quotation omitted). Further, "as a general rule, our system is designed around the premise that [parties represented by competent counsel] know what is best for them, and are responsible for advancing the facts and argument entitling them to relief." *Id.* at 375–76 (alteration in original) (internal quotation omitted). Indeed, the Supreme Court recently reminded the lower courts that they are "essentially passive instruments of government" and thus "points not argued will not be considered." *Margolin v. Nat'l Ass'n of Immigr. Judges*, 608 U.S. 339, 342 (2026) (citations and quotation marks omitted). On the absence of any responsive opposition alone, this Court may grant the Petition.

The Court incorporates the facts as set forth in the unopposed Petition regarding Petitioner's background and immigration history and does not repeat them here. (*See generally* Pet.) Having reviewed the Petition, the Court views Respondents' decision not to oppose the relief sought therein as reasonable. In light of Respondents' decision not to oppose the Petition, and as other courts in this district have granted relief in similar cases, the Petition is GRANTED. *E.g.*, *Ren v. Janecha*, No. 5:26-CV-04364-AJR, 2026 WL 2413320, at *5 (C.D. Cal. Aug. 17,

2026); *Dai v. Janecha*, No. 5:26-CV-03966-PD, 2026 WL 2164154, at *4 (C.D. Cal. July 24, 2026).

Based on the Court's review of the Petition and in light of Respondents' decision not to oppose the relief sought, IT IS THEREFORE ORDERED THAT:

1. Judgment shall be entered GRANTING the unopposed Petition;
2. Respondents MUST RELEASE **Petitioner Yanjing He (A 216-918-737)** from custody within 24 hours of entry of this Order under the same conditions that were in place prior to his re-detention;
3. Respondents MUST RETURN to Petitioner all property confiscated from him, including his Employment Authorization Document and driver's license;
4. Respondents are ENJOINED from imposing any conditions of supervision, including electronic monitoring or a GPS ankle monitor, absent a hearing consistent with due process;
5. Respondents are ENJOINED from re-arresting, or re-detaining Petitioner absent lawful process, including a pre-deprivation hearing before a neutral decisionmaker at which the government establishes by clear and convincing evidence that detention is appropriate to prevent his flight or to protect the public, and for which Petitioner is provided with reasonable advance notice of the time and place of the hearing; and
6. Petitioner may seek reasonable costs and attorney fees after judgment has been entered in this matter, as provided in this Court's Local Rules and any statute authorizing such an award.

DATED: November 18, 2026

CHRISTINA T. SHAY
UNITED STATES MAGISTRATE JUDGE